## STATE OF CONNECTICUT *v.* RAJPAUL JAGAT
### (AC 29215)

DiPentima, McLachlan and Peters, Js.

Argued September 16—officially released November 11, 2008

*Julie M. Strzemienski*, with whom, on the brief, was *Walter R. Hampton, Jr.*, for the appellant (defendant).

*Richard K. Greenalch, Jr.*, special deputy assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Amy Sedensky*, senior assistant state's attorney, for the appellee (state).

*Opinion*

McLACHLAN, J. The defendant, Rajpaul Jagat, appeals from the judgment of conviction, rendered after a trial to the court, of two counts of sexual assault in the fourth degree in violation of General Statutes § 53-73a (a) (2). The defendant claims that the evidence was insufficient to prove that (1) he possessed the requisite intent for conviction and (2) he subjected the victim[1] to sexual contact. We affirm the judgment of the trial court.

The court reasonably could have found the following facts. On June 16, 2006, at 10 a.m., the victim parked her vehicle at 249 Thomaston Avenue in Waterbury[2] for an appointment. At approximately 10:30 a.m., the victim returned to her vehicle and discovered that it would not start. When the defendant parked alongside the victim's car, the victim asked if he had jumper cables, and the defendant replied that he did not but might be

---

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[2] The building at 249 Thomaston Avenue housed the department of social services, the department of labor and appeals, and the bureau of rehabilitation services.

able to help the victim. The defendant worked under the hood of the victim's car and engaged the victim in conversation. While standing near the front of her car, the defendant asked the victim to try to start her car, but she could not. The defendant then approached the open driver's door and said that he was looking for a fuse box. The defendant bent over the victim and put his hand under her shorts and underwear, touching her thighs and genital area. The victim slapped the defendant's hand and pushed it away. The defendant asked if he could touch the victim again, and she told him no, but he touched her thighs and genital area a second time.

When the victim started to get out of her car and told the defendant that she was going to ask someone else for help inside of the building, the defendant stood up and allowed her out of the car. As the victim began to walk away, however, the defendant grabbed her wrist, pulled her up against him and asked for her telephone number. When the defendant pulled the victim up against him, she thought that she felt the defendant's erection, saw that they were standing next to the defendant's open trunk and was afraid he was going to abduct her. The victim gave the defendant a fake telephone number and pulled away from him. The victim walked back toward the building and encountered a security guard outside an entrance. The victim told the security guard what had just happened and pointed out the defendant, who had entered the building and was walking out of another door. As the guard approached the defendant, the defendant kept repeating, "I didn't do anything." The guard detained the defendant until an extra-duty Waterbury police officer arrived and arrested the defendant.[3] The extra-duty officer then called for a

---

[3] The extra-duty police officer worked during the morning hours at 249 Thomaston Avenue.

police vehicle to transport the defendant to the Waterbury police station.

The defendant was charged by amended substitute information with unlawful restraint in the second degree in violation of General Statutes § 53a-96 and two counts of sexual assault in the fourth degree in violation of § 53a-73a (a) (2). The defendant elected to be tried by the court.[4]

The court orally rendered its findings of fact and judgment in open court, finding the defendant guilty of two counts of sexual assault in the fourth degree and not guilty of unlawful restraint in the second degree, but failed to sign the transcript of the decision as required by Practice Book § 64-1. The defendant did not seek to remedy this defect. See Practice Book § 60-2. The judgment file stated that the defendant was convicted of one count of unlawful restraint in the second degree in violation of § 53a-96 and one count of sexual assault in the fourth degree in violation of § 53a-73a (a) (2). The discrepancy between the unsigned transcript and judgment file prevented this court from proceeding without further clarification of the record.[5] Following oral argument on this matter, this court issued an order to the trial court, pursuant to Practice Book § 60-2, to file a signed copy of the transcript of its findings and

---

[4] The defendant initially elected to be tried by a jury, but after two jurors were chosen, the defendant obtained new counsel and requested an interpreter. The defendant was offered the opportunity to select an entirely new jury because he had not fully understood the jury selection process, but he chose a trial to the court.

[5] This court previously has considered claims in which the transcript was unsigned but nevertheless contained sufficient findings for appellate review. *Collins* v. *Wetherbee*, 31 Conn. App. 518, 518 n.1, 625 A.2d 838, cert. denied, 227 Conn. 902, 630 A.2d 72 (1993). The lack of a signed transcript coupled with the inconsistency in the record of this case, however, made such review impossible without additional action by the trial court. Cf. *Wesley* v. *Schaller Subaru, Inc.*, 277 Conn. 526, 529 n.1, 893 A.2d 389 (2006) ("[w]hen there is an inconsistency between the judgment file and the oral or written decision of the trial court, it is the order of the court that controls").

judgment and to prepare a judgment file consistent with that signed transcript.[6] On September 26, 2008, this court received a signed copy of the transcript and on September 30, 2008, a corrected judgment file. The signed transcript and corrected judgment file state that the defendant was convicted of two counts of sexual assault in the fourth degree and found not guilty of unlawful restraint in the second degree.

The defendant makes two challenges to the sufficiency of the evidence adduced at trial. The defendant claims that there was insufficient evidence of his intent and that there was insufficient evidence of sexual contact. We do not agree.

"The standard for reviewing sufficiency of the evidence claims is well settled in this state. . . . [O]ur courts apply a two-prong test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [trier of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . .

"[I]n viewing evidence which could yield contrary inferences, the [trier of fact] is not barred from drawing those inferences consistent with guilt and is not required to draw only those inferences consistent with innocence. The rule is that the [trier of fact's] function is to draw whatever inferences from evidence or facts established by the evidence it deems to be reasonable and logical." (Citation omitted; internal quotation marks

---

[6] On September 18, 2008, this court issued the following order: "Pursuant to Practice Book §§ 60-2 and 64-1, the trial court is directed to file a signed copy of the April 12, 2007 transcript of its findings as to the charges against the defendant. Thereafter, a judgment file shall be prepared consistent with the signed transcript. The signed transcript and judgment file shall be filed with the appellate clerk forthwith."

omitted.) *In re Mark R.*, 59 Conn. App. 538, 540–41, 757 A.2d 636 (2000).

General Statutes § 53a-73a (a) provides in relevant part that "[a] person is guilty of sexual assault in the fourth degree when . . . (2) such person subjects another person to sexual contact without such other person's consent . . . ." "Sexual contact" is defined as "any contact with the intimate parts of a person not married to the actor for the purpose of sexual gratification of the actor or for the purpose of degrading or humiliating such person . . . ." General Statutes § 53a-65 (3). "Intimate parts" of a person include "the genital area" and the "inner thighs . . . ." General Statutes § 53a-65 (8).

The defendant claims that the court could not and did not find beyond a reasonable doubt that he had the requisite intent[7] because the victim's testimony was inconsistent and he denied the allegation. The defendant, however, confuses the issues of sufficiency and credibility. "Questions of whether to believe or to disbelieve a competent witness are beyond our review."

---

[7] The defendant asserts that General Statutes § 53a-73a (a) (2) includes intent as an essential element because § 53a-73a (a) specifically uses the term "intentionally." This case, however, follows from a conviction under § 53a-73a (a) (2), which does not include the term "intentionally." The court properly stated that "[t]he sexual contact must be intentional and not accidental . . . . One's intent or the purpose in the performance of an act or acts may be determined from the conduct itself and from the circumstances surrounding the conduct." The court found on the second count in the information, sexual assault in the fourth degree, that the "defendant did subject [the victim] to sexual contact . . . by touching her genital area and inner thigh intentionally and for the purpose of the defendant's own sexual gratification all without [the victim's] consent." As to the third count, the court found that "after the incident that resulted in the finding of guilty on the second count . . . the defendant did subject [the victim] to sexual contact by touching her genital area and inner thigh intentionally and for the purpose of his own sexual gratification, all without [the victim's] consent." The court found that the state proved "each and every element" of both counts beyond a reasonable doubt.

(Internal quotation marks omitted.) *State* v. *Montoya,* 110 Conn. App. 97, 104, 954 A.2d 193 (2008). The defendant has not provided us with any basis for his apparent argument that the findings of the court were clearly erroneous aside from bald allegations that the victim's testimony varied from direct to cross-examination and that he denied the allegation. We will not upset a court's factual findings when, as in this case, they are supported by sufficient evidence. See id., 103–104.

The defendant also claims that there was not sufficient evidence that he subjected the victim to sexual contacts. Again, the defendant challenges the victim's "conflicting testimony" as to where he touched her and claims that inconsistencies in her testimony made it impossible for the court to find beyond a reasonable doubt that he made contact with her "intimate parts." There is sufficient evidence in the record to support the court's findings. The testimony of the victim, as well as the testimony of the security guard and the extra-duty police officer, which was admitted without objection, support the court's finding that the defendant touched the victim's genital area and inner thigh twice. See *State* v. *Montoya,* supra, 110 Conn. App. 103–104.

The judgment is affirmed.

In this opinion the other judges concurred.