******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* LISA WHITNUM-BAKER
(AC 38327)

Beach, Sheldon and Gruendel, Js.

*Argued September 15—officially released November 29, 2016*

(Appeal from Superior Court, judicial district of Stamford-Norwalk, geographical area number twenty, Wenzel, J.)

*Lisa Whitnum-Baker*, self-represented, the appellant (defendant).

*Nancy L. Walker*, deputy assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, *Jacob L. McChesney*, former special deputy assistant state's attorney, and *John R. Whalen*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Lisa Whitnum-Baker,[1] appeals from the judgment of conviction, rendered after a trial to the court, of creating a public disturbance in violation of General Statutes § 53a-181a. On appeal, the defendant claims that there was insufficient evidence to convict her of creating a public disturbance. We affirm the judgment of the trial court.

The court reasonably could have found the following facts. On April 24, 2014, the defendant entered the Stamford Courthouse Law Library. After an argument ensued between the defendant and another library patron, the librarian requested assistance from a state marshal, Patrick Valcourt, who was posted in the hallway immediately outside of the library. Valcourt entered the library, observed the defendant arguing loudly, and instructed her to stay away from the other patron. Because the defendant was uncooperative, Valcourt, with other marshals then present, began to escort her out of the library. While being escorted, the defendant began yelling loudly and attempted to bite Valcourt's arm. The supervising marshal who observed the attempted bite then ordered that the defendant be handcuffed and detained. Once the defendant was properly restrained, the marshals escorted her out of the library to the detention area, where she was held until she was arrested by state police on the charge of breach of the peace in the second degree, in violation of General Statutes § 53a-181. The state later filed a substitute information charging the defendant with creating a public disturbance in violation of § 53a-181a.

On appeal, the defendant claims that there was insufficient evidence to support her conviction for creating a public disturbance in violation of § 53a-181a (a) because the state failed to prove all essential elements of the crime beyond a reasonable doubt. Specifically, the defendant contends that the trial court erred by not crediting her testimony about the events leading up to her arrest, which, she asserts, disproves the state's evidence.[2] We disagree.

We first set forth our standard of review and the relevant law. "The appellate standard of review of sufficiency of the evidence claims is well established. In reviewing a sufficiency [of the evidence] claim, we apply a two part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . .

"The evidence must be construed in a light most favorable to sustaining the [court's] verdict. . . . Our review is a fact based inquiry limited to determining

whether the inferences drawn by the [fact finder] are so unreasonable as to be unjustifiable. . . . [T]he inquiry into whether the record evidence would support a finding of guilt beyond a reasonable doubt does not require a court to ask itself whether it believes that the evidence . . . established guilt beyond a reasonable doubt. . . . Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. . . .

"We do not sit as a [seventh] juror who may cast a vote against the verdict based upon our feeling that some doubt of guilt is shown by the cold printed record. We have not had the [fact finder's] opportunity to observe the conduct, demeanor, and attitude of the witnesses and to gauge their credibility. . . . We are content to rely on the [fact finder's] good sense and judgment." (Internal quotation marks omitted.) *State* v. *Serrano*, 91 Conn. App. 227, 241–42, 880 A.2d 183, cert. denied, 276 Conn. 908, 884 A.2d 1029 (2005).

General Statutes § 53a-181a (a) provides: "A person is guilty of creating a public disturbance when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he (1) engages in fighting or in violent, tumultuous or threatening behavior, or (2) annoys or interferes with another person by offensive conduct; or (3) makes unreasonable noise."

"'Violent' is defined as 'characterized by extreme force' and 'furious or vehement to the point of being improper, unjust, or illegal.' . . . 'Threatening' is defined as a 'promise [of] punishment' or, 'to give signs of the approach of (something evil or unpleasant).' . . . When two or more words are grouped together, it is possible to ascertain the meaning of a particular word by reference to its relationship with other associated words and phrases under the doctrine of noscitur a sociis. . . . Placed within the context of the other words in the statute, the word 'threatening' takes on a more ominous tone. The statute proscribes 'engaging in fighting or in violent, tumultuous, or threatening behavior.' . . . [T]he language of subdivision (1) . . . 'violent, tumultuous or threatening behavior,' evinces a legislative intent to proscribe conduct which actually involves physical violence or portends imminent physical violence." (Citations omitted.) *State* v. *Lo Sacco*, 12 Conn. App. 481, 490–91, 531 A.2d 184, cert. denied, 205 Conn. 814, 533 A.2d 568 (1987).

In the present case, our review of the record in the light most favorable to sustaining the verdict discloses that sufficient evidence was presented to support beyond a reasonable doubt the court's finding that the defendant created a public disturbance. Evidence in the record reveals that the defendant engaged in violent and threatening behavior toward Valcourt when she

attempted to bite his arm. The evidence submitted by the defendant does not disprove that the defendant attempted to bite Valcourt's arm, but merely questions the timing of the events. In essence, the defendant argues that the court erred by failing to credit her testimony over that of the marshals who had witnessed the attempted biting. "Questions of whether to believe or to disbelieve a competent witness are beyond our review." (Internal quotation marks omitted.) *State* v. *Jagat*, 111 Conn. App. 173, 178, 958 A.2d 206 (2008). Because the state presented evidence that the defendant engaged in threatening and violent behavior by attempting to bite the arm of a court marshal, the findings made by the court were supported by evidence in the record. Accordingly, we affirm the judgment of the trial court.

The judgment is affirmed.

[1] Although the police record and information identify the defendant as Whitnum, in her pleadings and brief on appeal, the defendant has referred to herself as Whitnum-Baker, which is the name we use for a consistent record.

[2] Although the self-represented defendant did not explicitly state in her brief or at oral argument that she is appealing from her judgment of conviction on the basis of insufficiency of the evidence, the substance of her argument is that the court's verdict was not supported by sufficient evidence. Accordingly, our review of this appeal will focus solely on the issue of whether there was sufficient evidence in the record to convict the defendant.