OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
That court properly interpreted and applied the youthful offender statute in this instance. CPL 720.20 (subd 1) provides in pertinent part: “Upon conviction of an eligible youth, the court must order a presentence investigation of the defendant. After receipt of a written report of the investigation and at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender.”
This subdivision contemplates a two-determination procedure. First, as envisioned by the first sentence of the subdivision, there must be a determination at the time of conviction as to whether the defendant is an “eligible youth” (as defined in CPL 720.10, subd 2), and if he is found to be an eligible youth the court must order a presentence investigation. Second, in accordance with the prescription of the second sentence, “at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender”, making that determination in accordance with the criteria set forth in paragraphs (a) and (b) of subdivision 1.
CPL 720.10 (subd 2, par [c]), the operative statutory provision for present purposes, as part of its definition of “eligible” youth, provides that a defendant, otherwise qualified, shall be an eligible youth unless “such youth has previously been adjudicated a youthful offender following conviction of a felony”. This restriction, relating to the eligible youth determination, is applicable at the time of conviction.
We turn, then, to consideration of the facts of the present case in the light of this statutory scheme: On February 11, 1980 in consequence of his double plea defendant stood convicted of two crimes, a weapons charge and burglary. The court was required to determine whether he was an “eligible youth” and if so, to order a presentence investigation report. Thus, his status as an eligible youth was deter *902 mined at that time, and of course, he had not then previously been adjudicated a youthful offender. Accordingly, the restriction in CPL 720.10 (subd 2, par [c]) did not apply. On June 12, 1980 at sentencing the court was called on to make a determination as to whether defendant was a youthful offender. Paragraph (c) was not then relevant inasmuch as it imposed a restriction only on the eligible youth determination and not the youthful offender determination. The sentencing court was therefore authorized in its discretion to determine that defendant was a youthful offender with respect to either or both convictions.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed in a memorandum.