STATE OF CONNECTICUT *v.* ERIC T.*
(3196)
(3197)

BORDEN, SPALLONE and BIELUCH, Js.

[3] See footnote 2, supra.

\* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the name of the defendant involved in this appeal is not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Reporter of Judicial Decisions.

Submitted on briefs May 9—decision released August 26, 1986

*Clinton L. A. Wright* filed a brief for the appellant (defendant in both cases).

*Bernadette Conway,* special deputy assistant state's attorney, and *Gerald Esposito,* assistant state's attorney, filed a brief for the appellee (state).

BIELUCH, J. These appeals arise out of two separate judgments of the trial court, each adjudicating the same defendant to be a youthful offender pursuant to General Statutes § 54-76g by virtue of his commission of a sexual assault in the fourth degree, in violation of General Statutes § 53a-73a,[1] on two successive days. We find error only with respect to the sentences imposed.

The court could reasonably have found the following facts. The defendant was charged, in each of two informations, with one count of sexual assault in the fourth degree arising out of similar incidents which occurred in the same public building on November 29

---

[1] Sexual assault in the fourth degree in violation of General Statutes § 53a-73a is a class A misdemeanor for which the maximum penalty is a term of imprisonment for one year or a fine of $1000, or both. General Statutes §§ 53a-28 (b), 53a-36 and 53a-42.

and November 30, 1983. In the first incident, the defendant approached the victim and placed his hands on her chest and buttocks. On the other occasion, he reached between another victim's legs and grabbed her genital area.

The defendant was arrested pursuant to separate warrants with respect to each charge. He was arraigned on the same day on both informations and moved for youthful offender status pursuant to General Statutes § 54-76c. Both motions were granted by the court after an investigation as to his eligibility. In each case, the defendant pleaded not guilty to the charges of being a youthful offender. After a combined trial on both informations, the court found in each case that the defendant had committed the underlying offense charged against him in the information, and adjudged him separately in each matter to be a youthful offender. Thereafter, the court imposed separate sentences on each of the two adjudications of the defendant as a youthful offender.[2]

In the first case, in which the defendant was adjudicated a youthful offender for the incident of November 29, 1983, he was sentenced to imprisonment for one year, execution suspended, and he was placed on probation for three years. In addition, the court imposed a fine of two hundred dollars. In the companion case, in which he was adjudicated a youthful offender for the incident of November 30, 1983, he was sentenced to imprisonment for one year, execution suspended, this term of imprisonment to run concurrently with the sentence in the earlier case, with probation for three years.

[2] Since the underlying offense in each of the two youthful offender proceedings was not a felony, a presentence investigation and report by a probation officer was not required under General Statutes § 54-91a. The court therefore sentenced the defendant upon his adjudication as a youthful offender in each proceeding without a continuance for a probation investigation and report.

Additionally, he was fined two hundred dollars on this adjudication also. The total effective sentence imposed upon the defendant was a term of imprisonment for one year, execution suspended, with probation for three years, and a combined fine of four hundred dollars.

The defendant has appealed, claiming (1) that the court, by its interrogation of witnesses and its attitude toward defense counsel, showed bias in favor of the state, thereby denying the defendant a fair trial, (2) that the court erred in permitting the parents of witnesses to be present in the courtroom during the trial, (3) that the court erred in concluding that the evidence and reasonable inferences drawn therefrom were sufficient to justify its adjudication that the defendant had committed the underlying offenses, and (4) that the defendant received ineffective assistance of counsel. We decline to review this last claim of error because, as our courts have said in the past, a claim of ineffective assistance of counsel is more appropriately pursued by a petition for a writ of habeas corpus. *State* v. *Leecan,* 198 Conn. 517, 541, 504 A.2d 480, cert. denied, 476 U.S. 1184, 106 S. Ct. 2922, 91 L. Ed. 2d 550 (1986); *State* v. *Rivera,* 196 Conn. 567, 571, 94 A.2d 570 (1985); *Miller* v. *Angliker,* 4 Conn. App. 406, 416–17, 494 A.2d 1226 (1985).

The defendant's first claim is that the court's "cross-examination" of defense witnesses, its interruption of the defendant's cross-examination of a state's witness, its statements to witnesses, its direction to the defendant to have a police officer, who had been called by him as a possible witness, testify over the protest of counsel, and its refusal to allow either counsel to argue the defendant's motion for acquittal, which it summarily denied, showed the court's bias against him. Nonetheless, a review of the record demonstrates that not a single objection was made by the defendant to any of those claimed incidents of bias. Nor were any of those occurrences demonstrative of judicial bias. "While

proof of actual bias is not required in order to obtain a judge's recusal; *Cameron* v. *Cameron,* 187 Conn. 163, 170, 444 A.2d 915 (1982); the record must 'give fair support to [the] claim [of actual bias].' *Szypula* v. *Szypula,* 2 Conn. App. 650, 656, 482 A.2d 85 (1984)." *Hartford National Bank & Trust Co.* v. *DiFazio,* 6 Conn. App. 576, 581, 506 A.2d 1069 (1986). Upon the record before us, we cannot conclude that there was "the necessary 'suspicion as to the fairness of the court's administration of justice' which is required in order to make a claim of actual bias. *Krattenstein* v. *G. Fox & Co.,* 155 Conn. 609, 615, 236 A.2d 466 (1967)." *Hartford National Bank & Trust Co.* v. *DiFazio,* supra. To the contrary, defense counsel thanked the court at the close of trial for the "leeway" given to him in his first trial and apologized for being "overzealous."

The defendant's next claim of error is that the court violated General Statutes § 54-76h, which mandates that a youthful offender proceeding shall be private, when it permitted the parents of a minor witness, who was sixteen years of age, to be present at the trial. Although the defendant, at that time, did not object to the presence of the parents, he now claims the issue as plain error pursuant to Practice Book § 3063. We disagree.

The defendant's argument essentially calls for a strict interpretation of General Statutes § 54-76h. Such an interpretation, however, would render the entire body of youthful offender procedures "functionally unworkable." See *Buckley* v. *Muzio,* 200 Conn. 1, 7, 509 A.2d 489 (1986). If this argument were taken to its logical extreme, the court could not permit the presence of people relevant to the proceedings, such as court staff, to be present at the hearing. While General Statutes § 54-76h does provide that the proceedings "shall be private," this particular requirement "must be construed with common sense." *Shelby Mutual Ins. Co.* v.

*Della Ghelfa,* 3 Conn. App. 432, 438, 489 A.2d 398 (1985), aff'd, 200 Conn. 630, 513 A.2d 52 (1986); *State* v. *Privitera,* 1 Conn. App. 709, 721, 476 A.2d 605 (1984).

"In the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language . . . ." General Statutes § 1-1 (a). "Shall be private" commonly means an event shall not be open to the public or be known publicly. The parents of the alleged youthful offender have the right, and even the duty and obligation, to be present at the preceedings. "Whenever any minor charged with the commission of an offense is to appear in any court, he shall be accompanied by one of his parents, if such parent is physically capable of appearing and is within the jurisdiction of such court, or by his legally appointed guardian." General Statutes § 54-199. A "minor" is "a person under the age of eighteen years." General Statutes § 1-1d.

There is no parallel statute compelling or allowing the attendance of parents when their minor children are called to testify in a closed or private court proceeding. As parents, however, they may conscientiously and honestly instruct their young children who are prospective witnesses "as to the nature, obligation and sanctions of an oath." *State* v. *Brigandi,* 186 Conn. 521, 538–39, 442 A.2d 927 (1982), quoting *Kuczon* v. *Tomkievicz,* 100 Conn. 560, 574, 124 A. 226 (1924). As dutiful parents, therefore, their presence should be allowed in youthful offender proceedings during the testimony of their minor child, notwithstanding its closure otherwise to the public under § 54-76h. Additionally, their minor child's rights under the fifth amendment to the constitution of the United States protecting against self-incrimination may be exercised by them or their counsel, who may also be present during the minor's testimony, on behalf of the child.

In this case, the minor witness requested his parents' presence, but such a request was unnecessary. What was required was that the court instruct the parents of the witness as to the requirement of secrecy concerning the testimony of their child and of the proceedings under the law. This the trial court did. Under these circumstances, we cannot conclude that the court's action constituted error. The defendant's statutory right to privacy in these proceedings is not absolute. Witnesses, staff members, and other persons necessary to the conduct of the proceedings may be allowed to be present for a portion or all of the hearing as their presence may be needed for a proper adjudication of the matter.

The defendant's final claim of error is that the court should have granted his motion for a judgment of acquittal because the state had not met its burden of proof with respect to every element of the crime of sexual assault in the fourth degree. We reject this claim.

The defendant claims that there was no sexual contact, as defined by General Statutes § 53a-65 (3), in either case, because (1) the defendant touched only the victim's clothing and not her bare skin, and (2) the motive for his action was the winning of a bet, rather than sexual gratification.

It requires little discussion for us to dispose of these arguments. General Statutes § 53a-65 (3) requires only that there be "any contact with the intimate parts of a person . . . for the purpose of sexual gratification of the actor." Thus, as long as the contact was for the purpose of sexual gratification, whether direct or indirect, whether through clothing or bare skin, it will satisfy the definition of "sexual contact." Under the defendant's analysis, if he had touched his victims' bare skin with a gloved hand or with a foreign object, his action would not have been a sexual contact.

Further, the evidence that the defendant's actions were prompted by a bet which he made with someone does not make his conduct any the less designed for personal sexual gratification. There was testimony by one of the victims that the defendant coupled his touching of her with the comment, "You have a beautiful body." There was further testimony that the defendant boasted of his acts to others for one to two weeks after the fact. From this evidence, the court could easily have concluded that the nature of the bet was that the defendant was to engage in an unpermitted, unsolicited and unwanted sexual contact with his victim, one which would naturally be sexually gratifying to him. The bet was that the defendant had to "grab the girl." The choice of where the defendant touched his victim was unquestionably sexual in nature, and is evidence of his intent to commit a sexually gratifying act. Additionally, we note that after the challenge of a bet was met with the first incident, he went and did it again in the same place on the following day, undermining his claim that the satisfaction of a bet was his motivation. Thus, the court did not err in finding that the state had met its burden of proving each element of the offense of sexual assault in the fourth degree in each proceeding.

Our discussion does not end with the defendant's claims of error, however. We may, in the interests of justice, notice plain error not brought to the attention of the trial court; Practice Book § 3063; and we will do so when public welfare or justice so requires. *State* v. *Badgett,* 200 Conn. 412, 432 n.10, 512 A.2d 160 (1986); *Rindge* v. *Holbrook,* 111 Conn. 72, 75, 149 A. 231 (1930). Justice so requires in this case.

We find that the court erred in sentencing the defendant twice on the basis of his adjudications as a youthful offender. Although the defendant was properly adjudged a youthful offender twice, based upon the two separate underlying charges that were combined for

trial, he cannot receive more than one sentence upon simultaneously being adjudicated a youthful offender for more than one offense, and that sentence must conform to the provisions of General Statutes § 54-76j.

The adjudication as a youthful offender is a determination of status, rather than a conviction for the underlying offenses or charges made following the initial arrest. Once a defendant is adjudicated to have the status of youthful offender for one or more underlying criminal acts, the criminality of his conduct is extinguished and he falls within the shelter of the Youthful Offender Act, General Statutes §§ 54-76b through 54-76o, for treatment commensurate with such status and the misbehavior which established it. Such treatment encompasses the imposition of a penalty prescribed by § 54-76j; the expanse of alternative penalties set forth is deep and wide to fit the needs of therapeutic punishment of a youthful offender. Its range even exceeds the penalty allowed for many underlying offenses, such as the Class A misdemeanors which brought the defendant into these youthful offender proceedings.

Under the Youthful Offender Act, a youth between the ages of sixteen and eighteen years may be charged under its terms with being a youthful offender by reason of having engaged in designated criminal conduct. The charge of being a youthful offender, although provable as a crime, does not constitute a crime. The offense is not in the underlying criminal act which a youth has committed, but in thereby being a member of an identifiable group which has been statutorily set aside because of its age and prior conduct record for special treatment or punishment. General Statutes § 54-76b specifically defines a youthful offender to be a minor between the ages of sixteen and eighteen years *"who has committed a crime or crimes* which are not class A felonies, [and] *who has not previously been convicted of a felony or been previously adjudged a youthful offender."*

(Emphasis added.) From this definition, it is clear that multiple crimes, such as those charged in the two present cases, may result, upon proof of one or both underlying charges, in the classification of the defendant as a youthful offender for special treatment under the act. Indeed, if hypertechnically construed, the second of the two adjudications here would be improper because it was rendered when the defendant had previously been adjudged a youthful offender in the first of the two cases tried simultaneously. Therefore, with respect to that second judgment, he would be ineligible for youthful offender treatment because of the first adjudication. Such is not the concept or policy of the legislation in its objectives. A single sweep of its brush collects one and all adjudications as a youthful offender made after a hearing or combined hearings under its terms.

A far more reasonable analysis is suggested by the approach taken by comparable statutory provisions in New York. Section 720.10 (2) (c) of the New York Criminal Procedure Law, like General Statutes § 54-76b, precludes a youth from eligibility for youthful offender treatment if "such youth has previously been adjudicated a youthful offender." In *People* v. *Cecil Z.,* 57 N.Y.2d 899, 456 N.Y.S.2d 753, 442 N.E.2d 1264 (1982), as a consequence of a double plea of guilty, the defendant stood convicted of two crimes charged in separate indictments, a weapons charge and a burglary. The trial court sentenced him as a youthful offender on the weapons conviction, but as an adult on the simultaneous burglary conviction. "The court reasoned that once it granted youthful offender treatment on the weapons charge, the defendant was no longer eligible for youthful offender treatment because he had been 'previously . . . adjudicated' (albeit the same day) a youthful offender." *People* v. *Zepada,* 87 App. Div. 2d 747, 747–48, 448 N.Y.S.2d 673 (1982). The Appellate Division reversed the trial court with respect to

the sentence imposed on the burglary plea, and as so modified, affirmed and remanded the matter for sentencing. Id. The court held, in reaching its decision, that "eligibility for youthful offender treatment must be met at the time the conviction is entered, *not* at the time when the judge at sentencing exercises his discretion to grant or deny it. The sentencing is the occasion when the court makes its determination whether 'the eligible youth is a youthful offender.' " (Emphasis in original.) Id., 748. On further appeal, the New York Court of Appeals affirmed, holding that Criminal Procedure Law § 720.10 (2) (c) "imposed a restriction only on *the eligible youth determination* and not the *youthful offender determination*. The sentencing court was therefore authorized in its discretion to determine that [the] defendant was a youthful offender with respect to either or both convictions." (Emphasis added.) *People* v. *Cecil Z.,* supra, 902.

Connecticut's statutory scheme is unlike that of New York in one relevant respect. In New York, the court's determination of eligibility for youthful offender treatment is made at sentencing after conviction of the underlying offenses. New York Criminal Procedure Law § 720.20; see also *People* v. *Cecil Z.,* supra. In Connecticut, however, the court determines a youth's eligibility for youthful offender treatment prior to trial on the underlying criminal charge. General Statutes §§ 54-76c, 54-76d. Nonetheless, akin to the ruling of the New York Court of Appeals in *People* v. *Cecil Z.,* supra, we conclude that under our statutory scheme of pretrial eligibility to be adjudged a youthful offender under §§ 54-76c and 54-76d, whether such motion has been granted as to one information containing one or more offenses, or as to multiple informations containing multiple charges, there can be but one trial "for the purpose of determining whether he shall be adjudged a youthful offender." General Statutes § 54-76e.

Upon a determination of eligibility to be adjudged a youthful offender, the defendant is "required to enter a plea of 'guilty' or 'not guilty' to the charge of being a youthful offender" by virtue of the underlying offense. General Statutes § 54-76d (b). Eligibility, if granted, applies to each count of one or more informations covered by the defendant's motion. Upon the completion of trial, or combined trials, there must be a finding of the court on each charge or count of being a youthful offender. "[I]f, after trial, the court finds that he committed the acts charged against him in [any count of] the information[s] or complaint[s], the court shall adjudge the defendant to be a youthful offender [as to such count] and the information[s] or complaint[s] shall be considered a nullity and of no force or effect." General Statutes § 54-76g.

In each of the two combined trials here, the court found that the defendant had committed the act charged against him in the single count of the information and he was adjudged to be a youthful offender. Since the underlying offenses were misdemeanors, no continuance for a presentence investigation and report by a probation officer was required. General Statutes § 54-91a. Consequently, the court proceeded to sentence the respondent after his adjudications as a youthful offender.

General Statutes § 54-76j specifies five alternative penalties for those who are adjudicated to be youthful offenders.[3] These penalties are set out in the disjunctive, and the court may impose only one of the sen-

---

[3] General Statutes § 54-76j provides in pertinent part: "The court, upon the adjudication of any person as a youthful offender, may (1) commit the defendant, (2) impose a fine not exceeding one thousand dollars, (3) impose a sentence of conditional discharge or a sentence of unconditional discharge, (4) impose a sentence of community service, *or* (5) impose sentence and suspend the execution of the judgment. In the latter case, the defendant may be placed on probation for a period not to exceed three years, pro-

tences prescribed by the act. Jacobs, "Connecticut's Youthful Offender Act," 45 Conn. B.J. 376 (1971). The clear impact of this provision is that the trial court, in sentencing the defendant on both adjudications as a youthful offender in the combined trials, was limited to only one of the allowed penalties. Instead, it erroneously imposed three separate penalties upon him for his adjudicated status as a youthful offender.[4] In *State v. Anonymous (83–FG)*, 190 Conn. 715, 463 A.2d 533 (1983), our Supreme Court questioned the imposition of more than one sentence after trial where a defendant had been adjudged a youthful offender in two counts for separate criminal violations. Id., 717 n.5. The court, concluding that "the practical effect was the same as if a single sentence had been imposed," declined to address this issue. Both prison sentences were identical and concurrent and "[n]o question has been raised about the propriety of imposing more than one sentence where a defendant has been adjudicated a youthful offender for several criminal violations." Id.

We conclude, however, that in the present case, where the defendant has not only been sentenced to two identical and concurrent suspended one year prison terms with three years probation, but also received two additional penalties, each in the form of a fine of two

vided the court in its discretion may from time to time, while such probation is in force, extend such probation for a period not to exceed five years, including the original probationary period. . . . Commitment hereunder shall be for a period not to exceed three years and shall be to any religious, charitable or other correctional institution authorized by law to receive persons over the age of sixteen years." (Emphasis added.)

[4] We treat the defendant's one year suspended sentence with probation for three years on each of the adjudications as one sentence since they were identical and concurrent. *State v. Anonymous (83–FG)*, 190 Conn. 715, 717 n. 5, 463 A.2d 533 (1983). The defendant additionally received a fine in the amount of two hundred dollars on each adjudication, or a total fine of four hundred dollars. Effectively, he received in combination three separate penalties, where under General Statutes § 54-76j only one penalty was allowed upon his adjudication as a youthful offender in one or more matters.

hundred dollars, upon his two adjudications as a youthful offender, he was illegally sentenced under § 54-76j. Where only one penalty was permitted to be assessed against him under the provisions of that statute, three separate penalties were illegally imposed upon him. Since the court did not err, with respect to either information, in finding that the defendant had committed the underlying offenses, we do not reverse the adjudications that he was a youthful offender. There should, however, be only one penalty imposed on the combined adjudications establishing his status as a youthful offender. For that reason, we set aside the judgments of the trial court with respect to the sentences imposed.

There is error in part on both appeals, the sentences imposed by the trial court are set aside and the cases are remanded for resentencing in accordance with this opinion.

In this opinion the other judges concurred.

