# IN RE MARK R.*
## (AC 19174)

Schaller, Spear and Mihalakos, Js.

Argued June 12—officially released August 22, 2000

*John R. Day*, special public defender, for the appellant (respondent).

*James M. Ralls*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Donald MacCalmon*, assistant juvenile state's attorney, for the appellee (petitioner).

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Opinion*

MIHALAKOS, J. The respondent appeals from the judgment adjudicating him a delinquent for having committed the crime of sexual assault in the fourth degree in violation of General Statutes § 53a-73a.[1] On appeal, the respondent claims that the trial court improperly found that there was sufficient evidence to support the finding that he had committed sexual assault in the fourth degree. We affirm the judgment of the trial court.

The following facts were found by the trial court. The victim was a twelve year old female grade school student in New Haven. On April 15, 1998, the victim and two other girls were on their way to the victim's locker, which was located in her classroom, when they were followed by the respondent and two other boys. As the victim entered her classroom, the two other girls left, stating that they would be "right back." At this time, the respondent and the two other boys entered the classroom, closed the door and told the victim that she had to kiss one of the boys, T, or else she could not leave the classroom. The victim resisted, banged on the door and was subsequently let out of the classroom. As she went outside the classroom, T grabbed her hand and attempted to prevent her from telling anyone.[2] She hit T and proceeded down the hallway.

The victim began to run up the stairs located in the hallway when she and the respondent bumped heads, at which time the respondent began hitting her buttocks. After the victim pushed the respondent away, T grabbed her hands and pushed her against the wall. The respondent and T started pulling at her pants. The victim told

---

[1] General Statutes § 53a-73a (a) provides in relevant part: "A person is guilty of sexual assault in the fourth when . . . (2) such person subjects another person to sexual contact without such other person's consent . . . ."

[2] T was also charged with sexual assault. The cases were tried separately.

them to stop, but the respondent refused and continued to pull her pants down while she tried to pull them back up. T also touched the victim's breasts inside her shirt. The victim then began to scream and managed to get away, running down the hall.[3]

A petition was filed in the Superior Court for juvenile matters alleging that the respondent was a delinquent for having committed sexual assault in the third degree and unlawful restraint in the second degree. On November 10, 1998, the court granted the respondent's motion for judgment of acquittal as to those charges, but allowed the petitioner to proceed on the lesser included offense of sexual assault in the fourth degree. The court found that the respondent had committed sexual assault in the fourth degree and adjudicated him a delinquent. On December 10, 1998, at the dispositional hearing, the respondent was discharged with a warning. This appeal followed.

The respondent claims that the court improperly found that there was sufficient evidence to support the finding that he had committed sexual assault in the fourth degree pursuant to § 53a-73a. Specifically, he claims that the petitioner had failed to prove that he touched the victim's intimate parts for the purposes of either sexual gratification or humiliating and degrading the victim. We do not agree.

"The standard for reviewing sufficiency of the evidence claims is well settled in this state. . . . [O]ur courts apply a two-prong test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [trier of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal

---

[3] This ended the respondent's involvement in the incident.

quotation marks omitted.) *State* v. *Perry*, 48 Conn. App. 193, 196, 709 A.2d 564, cert. denied, 244 Conn. 931, 711 A.2d 729 (1998).

"[I]n viewing evidence which could yield contrary inferences, the [trier of fact] is not barred from drawing those inferences consistent with guilt and is not required to draw only those inferences consistent with innocence. The rule is that the [trier of fact's] function is to draw whatever inferences from evidence or facts established by the evidence it deems to be reasonable and logical." (Internal quotation marks omitted.) *State* v. *Sivri*, 231 Conn. 115, 132–33, 646 A.2d 169 (1994).

Section 53a-73a (a) (2) provides that a person is guilty of sexual assault in the fourth degree when "such person subjects another person to sexual contact without such other person's consent . . . ." General Statutes § 53a-65 (3) defines "sexual contact" as "any contact with the intimate parts of a person . . . for the purpose of sexual gratification of the actor or for the purpose of degrading or humiliating such person . . . ." General Statutes § 53a-65 (8) defines "intimate parts" as "the genital area, groin, anus, inner thighs, buttocks or breasts."

For behavior to constitute a sexual assault in the fourth degree, there must be "sexual contact" as defined by statute. In this case, the respondent admitted to "smacking" the victim's buttocks more than once and this constituted "sexual contact" as defined in § 53a-65 (3). The court, in fact, made a specific finding that the respondent had slapped the victim's buttocks and concluded that this alone was sufficient to constitute sexual assault in the fourth degree. While the court made no specific finding that the purpose for the respondent's actions was to humiliate or to degrade the victim, "[w]e give deference to the evidence and the reasonable inferences drawn therefrom that support the

trial court's determination of guilt." (Internal quotation marks omitted.) *State* v. *Wilson*, 52 Conn. App. 802, 806, 729 A.2d 778 (1999). Here, the record shows that the respondent attempted to pull down the victim's pants and smacked the victim's buttocks more than once. Furthermore, these acts had been carried out in a school hallway in front of several people. These facts could support a reasonable inference that the respondent actively participated in activities intending to degrade or humiliate the victim.

The respondent's contention that he did not have sexual contact with the victim because he did not touch the victim's "intimate parts," but rather touched the victim's clothes, is incorrect. To have "sexual contact" as defined by the statute it is irrelevant whether the respondent's contact with the victim was through clothing or with bare skin. In *State* v. *Eric T.*, 8 Conn. App. 607, 613, 513 A.2d 1273 (1986), we rejected a respondent's claim that there was no sexual contact sufficient to constitute sexual assault in the fourth degree because he had not touched the victim's bare skin. This court held that "as long as the contact was for the purpose of sexual gratification, whether direct or indirect, whether through clothing or bare skin, it will satisfy the definition of 'sexual contact.' " Id. In this case, the respondent's sexual contact with the victim was clearly done without the victim's consent and with the intent to degrade or to humiliate the victim. Given the facts, the respondent's admitted "slapping" of the victim's buttocks alone was sufficient evidence to establish sexual assault in the fourth degree pursuant to § 53a-73a.

The judgment is affirmed.

In this opinion the other judges concurred.