## STATE OF CONNECTICUT *v.* JOHN O.*
### (AC 32782)

Beach, Sheldon and Peters, Js.

* In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to identify the victims or others through whom the victims' identities may be ascertained. See General Statutes § 54-86e.

Argued April 11—officially released July 31, 2012

*Alan Jay Black*, for the appellant (defendant).

*Rocco A. Chiarenza*, deputy assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Michael W. Riley*, senior assistant state's attorney, for the appellee (state).

SHELDON, J. The defendant, John O., appeals from the judgment of conviction, rendered following a jury trial, of one count of sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1) (A)[1] and one count of risk of injury to a child in violation of General Statutes § 53-21 (a) (2).[2] On appeal, the defendant claims that: (1) the trial court erred in denying his motion for a judgment of acquittal on both counts of the information; (2) the trial court erred in determining, after an in camera review, that certain records of the department of children and families (department) did not contain exculpatory information; and (3) § 53-21 (a) (2) is unconstitutionally vague, as applied to this case, and thus violates the defendant's due process rights under the fifth and fourteenth amendments to the United States constitution.[3] We disagree, and thus affirm the judgment of the trial court.

The jury reasonably could have found the following facts. The defendant and the victim's mother had a platonic relationship for many years. The defendant, a taxicab driver, would frequently drive the victim's

---

[1] General Statutes § 53a-73a (a) (1) (A) provides: "A person is guilty of sexual assault in the fourth degree when . . . [s]uch person intentionally subjects another person to sexual contact who is . . . under thirteen years of age and the actor is more than two years older than such person . . . ."

[2] General Statutes § 53-21 (a) (2) provides in relevant part: "Any person who . . . has contact with the intimate parts, as defined in section 53a-65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child . . . shall be guilty of . . . a class B felony . . . ."

[3] Although the defendant has framed this claim under both the state and federal constitutions, he has not provided an independent analysis of our state constitutional provisions. In the absence of any such analysis by the defendant in this case, we confine our analysis to a discussion of his rights under the federal constitution. *State* v. *Pinnock*, 220 Conn. 765, 776 n.3, 601 A.2d 521 (1992).

mother to the local methadone clinic for her appointments. While the victim's mother attended her appointments, the defendant would wait in the car with her two children—a three year old daughter, the victim, and a five year old son.

On October 11, 2007, the defendant transported the victim's mother and her two children to the methadone clinic. Before exiting the taxicab, the victim's mother informed the defendant that her appointment would be longer than usual. The victim's mother then exited the taxicab and walked into the clinic. Mark Smith, a methadone patient, also had an appointment at the clinic. Earlier that morning, Smith had gone to another building located on the same premises as the clinic for a physical examination. After his examination, Smith walked to his vehicle, which was parked next to the defendant's taxicab, to drop off a newspaper. As Smith walked past the taxicab, he observed the victim in the backseat. He then saw the defendant recline his seat and reach into the backseat where the victim was located. Smith stopped walking and observed the defendant "reach his hand underneath the [victim's] butt and lift her up a little . . . ." He also observed the defendant "physically, with his fingers, two fingers of the middle— the two middle fingers of his right hand manipulating or massaging the crotch . . . of the [victim] that was in the car." He "could see both of [the defendant's] middle fingers clearly massaging . . . underneath the girl's behind, and there w[ere] two fingers up in between her thighs," in her vaginal area. Smith watched the defendant for approximately forty-five seconds to verify that he was not misperceiving the defendant's actions. With no doubt as to what he had been witnessing, Smith walked directly to the clinic to inform a counselor about the defendant's conduct.

Upon entering the clinic, Smith encountered Chelsea Tuttle, a counselor. When Smith informed her about

the defendant's conduct, Tuttle walked out to the parking lot to investigate. As she stood and watched the defendant, she saw that he had his hand between the victim's legs and "[h]e was moving his hand, his whole hand, up and down her bottom." Tuttle then walked around the side of the taxicab and saw the defendant kiss the victim on her mouth with his mouth open. At this, Tuttle knocked on the taxicab window and asked the defendant why he was parked there and who he was waiting for. The defendant informed Tuttle that he was waiting for the victim's mother and that the two children in his taxicab were hers. Tuttle returned to the clinic and informed the victim's mother that she needed to remove her children from the defendant's taxicab.

Thereafter, the defendant was arrested and charged by an information with the crimes of sexual assault in the fourth degree in violation of § 53a-73a (a) (1) (A), and risk of injury to a child in violation of § 53-21 (a) (2). Following a jury trial,[4] the defendant was found guilty of both counts. The trial court subsequently imposed a total effective sentence of twenty-five years incarceration, execution suspended after fifteen years, followed by thirty-five years of probation. This appeal followed.

I

The defendant first claims that there was insufficient evidence to convict him of sexual assault in the fourth degree or risk of injury to a child. We disagree.

The standard of review we apply to a claim of insufficient evidence is well established. "In reviewing the sufficiency of the evidence to support a criminal conviction we apply a two-part test. First, we construe the

---

[4] After the state presented its case, the defendant moved for a judgment of acquittal, which was denied.

evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . .

"We note that the jury must find every element proven beyond a reasonable doubt in order to find the defendant guilty of the charged offense, [but] each of the basic and inferred facts underlying those conclusions need not be proved beyond a reasonable doubt. . . . If it is reasonable and logical for the jury to conclude that a basic fact or an inferred fact is true, the jury is permitted to consider the fact proven and may consider it in combination with other proven facts in determining whether the cumulative effect of all the evidence proves the defendant guilty of all the elements of the crime charged beyond a reasonable doubt. . . .

"Moreover, it does not diminish the probative force of the evidence that it consists, in whole or in part, of evidence that is circumstantial rather than direct. . . . It is not one fact, but the cumulative impact of a multitude of facts which establishes guilt in a case involving substantial circumstantial evidence. . . . In evaluating evidence, the [finder] of fact is not required to accept as dispositive those inferences that are consistent with the defendant's innocence. . . . The [finder of fact] may draw whatever inferences from the evidence or facts established by the evidence that it deems to be reasonable and logical. . . .

"Finally, [a]s we have often noted, proof beyond a reasonable doubt does not mean proof beyond all possible doubt . . . nor does proof beyond a reasonable doubt require acceptance of every hypothesis of innocence posed by the defendant that, had it been found credible by the [finder of fact], would have resulted in

an acquittal. . . . On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the [finder of fact's] verdict of guilty." (Internal quotation marks omitted.) *State* v. *Davis*, 283 Conn. 280, 329–30, 929 A.2d 278 (2007).

## A

The defendant argues that he is entitled to an acquittal on the charge of sexual assault in the fourth degree. A person is guilty of sexual assault in the fourth degree when he "intentionally subjects another person to sexual contact who is . . . under thirteen years of age and the actor is more than two years older than such person." General Statutes § 53a-73a (a) (1) (A). "Sexual contact" is defined in General Statutes § 53a-65 (3) as "any contact with the intimate parts of a person not married to the actor for the purpose of sexual gratification of the actor or for the purpose of degrading or humiliating such person or any contact of the intimate parts of the actor with a person not married to the actor for the purpose of sexual gratification of the actor or for the purpose of degrading or humiliating such person." "Intimate parts" is defined in § 53a-65 (8) as "the genital area . . . groin, anus . . . inner thighs, buttocks or breasts." Sexual contact with a victim's intimate parts can be indirect and through clothing as long as it occurs for the purpose of the actor's own sexual gratification or for the purpose of degrading or humiliating the victim. *State* v. *Eric T.*, 8 Conn. App. 607, 613, 513 A.2d 1273 (1986).

The defendant here argues that the state's evidence was insufficient to convict him of sexual assault in the fourth degree because the state failed to establish beyond a reasonable doubt that he had contact with

the victim for the purpose of his own sexual gratification. This court has concluded, however, that a defendant's intent to obtain sexual gratification from his contact with a victim can be based on "the fact that the defendant chose to touch [the victim's] vagina . . . ." *State* v. *Montoya*, 110 Conn. App. 97, 103, 954 A.2d 193, cert. denied, 289 Conn. 941, 959 A.2d 1008 (2008); see also *State* v. *Eric T.*, supra, 8 Conn. App. 614 ("[t]he choice of where the defendant touched his victim was unquestionably sexual in nature, and is evidence of his intent to commit a sexually gratifying act").

Reviewing the facts in the light most favorable to sustaining the verdict, it is clear that the state met its burden of establishing that the defendant sexually assaulted the victim. Smith testified that he saw the defendant "reach his hand underneath the girl's butt and lift her up a little . . . ." He also testified that he observed the defendant "physically, with his fingers, two fingers of the middle—the two middle fingers of his right hand manipulating or massaging the crotch . . . of the young lady or the young girl that was in the car." Smith also stated that he "could see both of [the defendant's] middle fingers clearly massaging . . . underneath the girl's behind, and there was two fingers up in between her thighs," in her vaginal area. Tuttle also testified that she saw the defendant with his hand between the victim's legs and that "[h]e was moving his hand, his whole hand, up and down her bottom." As further evidence of the defendant's purpose, Tuttle testified that she saw the defendant kiss the victim on her mouth with his mouth open. We conclude that this evidence amply supports the jury's conclusion that the defendant touched the victim's vaginal area for the purpose of his own sexual gratification.

B

The defendant also argues that he is entitled to an acquittal on the charge of risk of injury to a child

because the testimony supporting the state's case was inconsistent with the evidence and constituted a "highly inconceivable version of events."

So presented, this claim is not a proper challenge to the sufficiency of the evidence, but an improper challenge to the witnesses' credibility. In support of this challenge, the defendant claims that the witnesses' testimony was contradicted both by the testimony of the victim's mother and by his own testimony. "Questions of whether to believe or to disbelieve a competent witness are beyond our review. As a reviewing court, we may not retry the case or pass on the credibility of witnesses. . . . We must defer to the [finder] of fact's assessment of the credibility of the witnesses that is made on the basis of its firsthand observation of their conduct, demeanor and attitude." (Internal quotation marks omitted.) *State* v. *Liborio A.*, 93 Conn. App. 279, 284, 889 A.2d 821 (2006). We thus find this claim unavailing.

II

The defendant next claims that the trial court erred in failing to disclose pertinent portions of the department's records concerning the victim and her mother on the ground that they did not contain exculpatory information. We disagree.

On September 22, 2008, the defendant filed a motion in limine entitled, "Motion for the Court's In Camera Review of the [Department] File in Link Number 88320." The state did not object to the defendant's motion and the trial court granted the motion and conducted an in camera review of the records.[5] The trial court found that

[5] We note that the record does not establish that the victim's mother consented to a review of the department records. Nothing in this opinion, however, should be construed to condone the court's review of such records without the mother's permission in her capacity as the minor victim's guardian. See *State* v. *Kulmac*, 230 Conn. 43, 56–59, 644 A.2d 887 (1994).

the records did not contain any exculpatory information concerning the victim, her mother or this case. The court then resealed the records for purposes of later appellate review.

"Our standard of review in determining whether a court properly conducted an in camera review of confidential records is abuse of discretion. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action." (Citation omitted; internal quotation marks omitted.) *State* v. *Na'im B.*, 113 Conn. App. 790, 794, 967 A.2d 1234, cert. denied, 292 Conn. 905, 973 A.2d 106 (2009).

After thoroughly reviewing all of the records contained in the department file as requested by the defendant, we agree with the trial court that they contain no exculpatory information of any kind. We thus conclude that the court did not abuse its discretion in refusing to order their disclosure to the defendant prior to trial in this case.

### III

Lastly, the defendant claims that § 53-21 (a) (2) is unconstitutionally vague as applied to him. Specifically, he argues that the factual circumstances of this case are distinguishable from those in *State* v. *Pickering*, 180 Conn. 54, 428 A.2d 322 (1980), a case in which our Supreme Court rejected a claim that the morals provision[6] of § 53-21 was unconstitutionally vague and stated that "the deliberate touching of the private parts of a child under the age of sixteen in a sexual and indecent manner is violative of [§ 53-21]." Id., 64. More specifically, the defendant argues that there were no allegations at trial that he was a "hard core molester"

---

[6] The morals provision of § 53-21 refers to the following language: "likely to impair the . . . morals of such child . . . ."

and that his alleged contact with the minor victim's intimate parts occurred only once, in a public location.[7] We reject the defendant's claim.

Because the defendant concedes that he did not raise this issue at trial, and thus that he failed to preserve it for appeal, he now seeks review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). A defendant may prevail on an unpreserved claim of constitutional error only if it meets all of the conditions set forth in *State* v. *Golding*, supra, 239–40. In *Golding*, our Supreme Court held that "a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." Id. We conclude that the record is adequate for review and that the claim is of constitutional magnitude because it implicates the defendant's fundamental due process right to fair warning of the charges against him. See *State* v. *Coleman*, 83 Conn. App. 672, 676–77, 851 A.2d 329, cert. denied, 271 Conn. 910, 859 A.2d 571 (2004), cert. denied, 544 U.S. 1050, 125 S. Ct. 2290, 161 L. Ed. 2d 1091 (2005).

[7] The defendant also claims that his own testimony and the testimony of the victim's mother, which conflicted with Smith's and Tuttle's testimony, rendered the defendant's conduct "nebulous." As mentioned in part I B of this opinion, however, "[q]uestions of whether to believe or to disbelieve a competent witness are beyond our review. As a reviewing court, we may not retry the case or pass on the credibility of witnesses. . . . We must defer to the [jury's] assessment of the credibility of the witnesses that is made on the basis of its firsthand observation of their conduct, demeanor and attitude." (Internal quotation marks omitted.) *State* v. *Liborio A.*, supra, 93 Conn. App. 284.

We thus address *Golding*'s third prong, namely, whether a clear constitutional violation deprived the defendant of a fair trial.

"To demonstrate that [a] statute is unconstitutionally vague as applied to him, the defendant must . . . demonstrate beyond a reasonable doubt that [he] had inadequate notice of what was prohibited or that [he was] the [victim] of arbitrary and discriminatory enforcement. . . . [A] law forbidding or requiring conduct in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates due process of law." (Citation omitted; internal quotation marks omitted.) *State* v. *Rocco*, 58 Conn. App. 585, 589–90, 754 A.2d 196, cert. denied, 254 Conn. 931, 761 A.2d 757 (2000). "If the meaning of a statute can fairly be ascertained through judicial construction, however, it need not be stricken for vagueness. . . . References to judicial opinions involving the statute, the common law, legal dictionaries, or treatises may be necessary to ascertain a statute's meaning to determine if it gives fair warning." (Citations omitted; internal quotation marks omitted.) *State* v. *Proto*, 203 Conn. 682, 698–99, 526 A.2d 1297 (1987).

We begin by reviewing our Supreme Court's decision in *State* v. *Pickering*, supra, 180 Conn. 54, which upheld a conviction under § 53-21 after rejecting a claim of unconstitutional vagueness. At the time of the alleged criminal conduct at issue in *Pickering*, General Statutes (Rev. to 1975) § 53-21 provided in relevant part: "Any person who wilfully or unlawfully . . . does any act likely to impair the . . . morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both." The defendant in *Pickering*, who had sexually molested his daughter, claimed that § 53-21 was unconstitutionally vague as applied to him. After reviewing the "extensive judicial gloss" on the words "act likely to impair the morals"

of a child, our Supreme Court concluded that "the deliberate touching of the private parts of a child under the age of sixteen in a sexual and indecent manner" was violative of the statute. *State* v. *Pickering*, supra, 64.

After *Pickering*, § 53-21 was amended in the following manner, which is relevant to this appeal. The amendment, which was adopted in 1995, divided the statute into two subdivisions. See Public Acts 1995, No. 95-142, § 1. Subdivision (1) contained substantially the entire pre-1995 amendment version of the statute except that part prescribing the maximum sentence and fine that could be imposed for a violation thereof. Subdivision (2) incorporated language very similar to that language used by the court in *Pickering* to describe conduct of which the challenged portion of the statute gave fair notice, to wit: "contact with the intimate parts . . . of a child . . . in a sexual and indecent manner likely to impair the health or morals of such child . . . ." The post-1995 amendment version of § 53-21 thus "made express in its terms what [our Supreme Court] previously had defined, in *Pickering* and its progeny, as conduct constituting risk of injury to a child." *State* v. *James G.*, 268 Conn. 382, 408, 844 A.2d 810 (2004). By using the Supreme Court's own description of conduct that clearly and unambiguously violated the preexisting statute, as the court had construed it, the legislature gave equally clear and unambiguous notice of the future scope and requirements of the statute, as amended.

As such, the defendant's deliberate contact with the victim's intimate parts was clearly proscribed by the statute, and it is of no moment that such contact occurred only once in a public location. In addition, this court has ruled that the risk of injury statute provides fair warning that a single touching violative of its provisions is sufficient to support a conviction. See *State* v. *Antonio A.*, 90 Conn. App. 286, 294, 878 A.2d 358, cert. denied, 275 Conn. 926, 883 A.2d 1246 (2005),

cert. denied, 546 U.S. 1189, 126 S. Ct. 1373, 164 L. Ed. 2d 81 (2006). We thus conclude that the case law, read in conjunction with the text of § 53-21 (a) (2), served to warn a potential violator that the deliberate touching of the intimate parts of a child in a sexual and indecent manner is prohibited. See *State* v. *James G.*, supra, 268 Conn. 408–12. Because there was no clear constitutional violation that deprived the defendant of a fair trial, his claim fails to satisfy the third prong of *Golding*.

The judgment is affirmed.

In this opinion the other judges concurred.