People v Ali (2025 NY Slip Op 05200)

People v Ali

2025 NY Slip Op 05200

Decided on September 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 30, 2025

Before: Kern, J.P., Scarpulla, Kapnick, Gesmer, Hagler, JJ. 

Ind. No. 2017/16|Appeal No. 4784|Case No. 2018-4467|

[*1]The People of the State of New York, Respondent,
v
Rahim Ali, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Madeline S. Lal of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Conor E. Byrnes of counsel), for respondent.

Judgment, Supreme Court, New York County (Ann Scherzer, J.), rendered April 25, 2018, convicting defendant, upon his plea of guilty, of burglary in the first degree, and sentencing him to a prison term of five years, unanimously affirmed.
Defendant was not an "eligible youth" for the purposes of youthful offender treatment because at the time he entered the plea, he "ha[d] previously been convicted and sentenced for a felony" (CPL 720.10[2][b]). In determining his eligibility, defendant's status at the time of entry of the conviction controlled (see People v Middlebrooks, 25 NY3d 516, 524-525 [2015]; People v Cecil Z., 57 NY2d 899, 901-902 [1982]; People v Zepada, 87 AD2d 747, 748 [1st Dept 1982], affd 57 NY2d 899 [1982]).
Since defendant was an ineligible youth as a matter of law, "no determination on the record as to eligibility [wa]s necessary" (Middlebrooks, 25 NY3d at 525).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2025