■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECIL ZEPADA, True Name DIGNO ALCOSER, Appellant. — Judgment of the Supreme Court, Bronx County (Loguen, J.) rendered June 12, 1980, convicting defendant upon his pleas of guilty of the crimes of attempted criminal possession of a weapon in the third degree and burglary in the third degree, and sentencing him as a youthful offender to five years' probation on the weapons plea and as an adult to five years' probation on the burglary plea, both sentences to run concurrently, is modified, on the law, by reversing with respect to the sentence imposed on the burglary plea and, as so modified, affirmed, and the matter remanded for resentencing. On February 11, 1980, the defendant entered two guilty pleas to satisfy two indictments arising out of separate criminal transactions. The later indictment charged the defendant with possessing a gun in a social club on September 22, 1979. The earlier indictment charged the defendant with unlawfully entering a service station and stealing a uniform on October 12, 1979. When the defendant appeared for sentencing on a subsequent date, he asked for youthful offender status. The court granted youthful offender treatment in connection with the gun charge, but denied the application on the burglary charge. The court indicated that it was willing to grant youthful offender treatment in both cases, but explained that it was forbidden to do so by statute. In so ruling, the court relied on CPL 720.10 (subd 2, par [c]) which provides: "2. 'Eligible youth' means a youth who is eligible to be found a youthful offender. Every youth is so eligible unless * * * (c) such youth has previously been adjudicated a youthful offender following conviction of a felony". The court reasoned that once it granted youthful offender treatment on the weapons charge, the defendant was no longer eligible for youthful

offender treatment because he had been "previously * * * adjudicated" (albeit the same day) a youthful offender. This ruling was based upon a misapprehension of what the statute requires. The court on sentencing was not barred from granting the defendant's application for youthful offender treatment on the second conviction. Analysis of CPL article 720 reveals that a defendant must first satisfy the requirements of CPL 720.10 at the time of conviction in order to give the sentencing court the youthful offender option. Under CPL 720.10 the authority to consider the alternative of youthful offender treatment is, in part, based upon (1) the defendant's age, and (2) the entry of conviction. Thus, eligibility for youthful offender treatment must be met at the time the conviction is entered, *not* at the time when the Judge at sentencing exercises his discretion to grant or deny it. The sentencing is the occasion when the court makes its determination whether "the eligible youth is a youthful offender." (CPL 720.20, subd 1.) Where CPL 720.10 (subd 2, par [c]) speaks of a previous youthful offender adjudication as barring later youthful offender treatment, it refers to the entry of such adjudication prior to *entry of the conviction* which might be replaced. Applying this reasoning to the facts of the case at bar, it follows that the defendant was an eligible youth in connection with both his pleas. On the day that the two convictions of this defendant were entered, he had not "previously been adjudicated a youthful offender following conviction of a felony". (CPL 720.10, subd 2, par [c].) This analysis seems to best accomplish the ameliorative objectives of the youthful offender concept. At the same time, it affords the sentencing Judge, as on remand of this case, the discretion to grant or deny youthful offender treatment. Concur — Sandler, Carro, Silverman and Asch, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would affirm the result reached by the Trial Judge. The majority's assertion that the determination of eligibility for youthful offender status is determined not at the time of sentencing but at the time conviction is entered, is not in accord with CPL 720.20 (subd 1), which provides, in relevant part, "at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender." Therefore, in the instant case, as soon as the Trial Judge had granted defendant's motion to be treated as a youthful offender on the firearm charge and sentenced him to probation, the defendant had been adjudicated a youthful offender and was thereby rendered ineligible to be treated as a youthful offender on the burglary charge. (*People v Green,* 75 AD2d 625.) Even if this defendant were an eligible candidate for youthful offender status on both felony offenses, his application should be denied in light of his second felonious offense committed while released on his own recognizance from his first felonious offense.