■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERRY MOSLEY, Appellant. — Judgment of the Supreme Court, Bronx County (Loguen, J.), rendered January 3, 1980, convicting defendant, upon his plea of guilty, of two counts of robbery in the first degree and two counts of robbery in the second degree, and sentencing him to four concurrent indeterminate terms of imprisonment of two to six years, reversed, on the law, the sentence vacated and the matter remanded for resentencing in a manner not inconsistent with the following. Defendant pleaded guilty on October 25, 1979 in Bronx County to two counts of robbery in the first degree and two counts of robbery in the second degree. Before this plea, defendant had pleaded guilty to attempted robbery in the second degree in New York County but had not yet been sentenced for that crime. However, when defendant appeared for sentencing in The Bronx, he had already been sentenced in New York County to an indeterminate term of four years. As noted, this sentencing in the New York County proceeding had taken place after the plea in The Bronx but before sentencing. The court denied an application for youthful offender treatment, stating "under the law as it now exists I cannot give [the defendant] youthful offender treatment." This was in error. "[E]ligibility for youthful offender treatment must be met at the time the conviction is entered, *not* at the time when the judge at sentencing exercises his discretion to grant or deny it." (*People v Zepada,* 87 AD2d 747, 748.) Thus, in the case at bar, the eligibility for youthful offender treatment was determined upon defendant's conviction. The defendant was eligible unless, *inter alia,* he was previously convicted *and* sentenced for a felony (CPL 720.10, subd 2, par [b]). Therefore upon his sentencing in Bronx County, the defendant *was* eligible for youthful offender treatment, since upon his conviction, he had not been convicted *and* sentenced on the other felony in New York County. (*People v Zepada, supra.*) The sentencing Judge, upon this remand, will, of course, retain the discretion to grant or deny youthful offender treatment in accordance with the provisions of CPL 720.10 (subd 3) and 720.20. We emphasize that the plea bargain made with the sentencing court, as noted by the dissent, was to *consider* the defendant for youthful offender treatment. Accordingly, since the sentencing court will now have an opportunity to so consider such treatment for defendant, defendant should not be given an opportunity to withdraw his plea. Concur — Sullivan, Ross, Silverman and Asch, JJ.

Murphy, P. J., dissents in part in a memorandum as follows: In this Bronx proceeding, defendant pleaded guilty on October 25, 1979, to two counts of robbery in the first degree and two counts of robbery in the second degree. The plea minutes reflect the understanding between defense counsel and the court at that time: "MR. POPKIN: Very well. Under those circumstances, the defendant enters his plea of guilty. It should be understood that there has been a conference at the bench in which the Court indicated that at the time of sentence the most that the defendant would be sentenced to would be two to six years; that the defendant would have the benefit of an inquiry by the Court as

to mitigating circumstances with regard to the question of the granting of youthful offender treatment and that under our law, if granted youthful offender treatment, the defendant would have a maximum of four years in custody and that the plea is otherwise open in all regards. THE COURT: In addition to that, there is a promise by the Court that I will run this sentence concurrent with the sentence in Manhattan, if the Judge there agrees to run his sentence concurrent with this sentence. You'll have to work this out." On January 3, 1980, the defendant appeared for sentencing in this case. At that hearing the court was informed that defendant had pleaded guilty to attempted robbery in the second degree in the Manhattan proceeding and had been sentenced to an indeterminate term of four years. The sentencing court in this proceeding denied counsel's request that his client be afforded youthful offender treatment with the following remarks: "THE COURT: Defendant does have a prior conviction for a felony. Therefore, under the law as it now exists I cannot give him Youthful Offender treatment, so I'm denying Youthful Offender treatment." The court then sentenced defendant to a period of two to six years to run concurrently with the sentence in the Manhattan case. To the extent here relevant, CPL 720.10 (subds 2, 3) provide: "2. 'Eligible youth' means a youth who is eligible to be found a youthful offender. Every youth is so eligible unless (a) the conviction to be replaced by a youthful offender finding is for (i) a class A-I or class A-II felony, (ii) an armed felony as defined in subdivision forty-one of section 1.20, except as provided in subdivision three, or (b) such youth has previously been convicted and sentenced for a felony * * * 3. Notwithstanding the provisions of subdivision two, a youth who has been convicted of an armed felony offense is an eligible youth if the court determines that one or more of the following factors exist: (i) mitigating circumstances that bear directly upon the manner in which the crime was committed". The defendant pleaded guilty to armed felonies (CPL 1.20, subd 41) in this proceeding. Under CPL 720.10 (subd 2, par [a], cl [ii]), the defendant could not be found to be an "eligible youth" unless the sentencing court found "mitigating circumstances" under CPL 720.10 (subd 3, par [i]). (*People v Davis*, 81 AD2d 510.) At the plea, defendant was promised that the court would inquire into any "mitigating circumstances" that might bear upon his convictions in the proceeding. Specifically, the court was to take cognizance of the defense representations that (i) a toy gun was used and (ii) no one was injured during the crimes. Thus, at his plea, this defendant was eligible for youthful offender treatment. Normally, there will be no change in a defendant's eligibility between his conviction and his sentence. At sentencing, the court will then determine whether a defendant should be accorded youthful offender treatment (CPL 720.20, subd 1; *People v Gina M. M.*, 40 NY2d 595, 597). However, before sentencing in this proceeding, the defendant was convicted and sentenced for a felony in New York County. By force of CPL 720.10 (subd 2, par [b]), the defendant was no longer an "eligible youth" (contra *People v Zepada*, 87 AD2d 747 [Kupferman, J., dissenting]). Since the court could not honor the plea bargain of considering the defendant for youthful offender treatment, it should have given defendant the opportunity to withdraw his plea. Accordingly, the judgment of the Supreme Court, Bronx County (Loguen, J.), rendered January 3, 1980, convicting him, upon his plea of guilty, of two counts of robbery in the first degree and two counts of robbery in the second degree and sentencing him to a concurrent term of two to six years, should be reversed, on the law, and the matter remanded to permit defendant to withdraw his plea.