■ The People of the State of New York, Appellant, v Joseph R., Respondent. [903 NYS2d 527]—

Appeal by the People from a judgment of the County Court, Suffolk County (Kahn, J.), rendered November 4, 2009, adjudicating the defendant a youthful offender, upon his plea of guilty to use of a child in a sexual performance, and imposing sentence.

Ordered that the judgment is reversed, on the law, the youthful offender adjudication and the sentence imposed are vacated, and the case is remitted to the County Court, Suffolk County, for further proceedings consistent herewith.

A youth otherwise eligible to be classified as a youthful offender is ineligible for youthful offender treatment if he or she has previously been adjudicated a youthful offender following a determination that he or she committed an act or acts defined as a felony (*see* CPL 720.10 [2] [c]). "This restriction, relating to the eligible youth determination, is applicable at the time of conviction" (*People v Cecil Z.*, 57 NY2d 899, 901 [1982]). Since, at the time that the defendant pleaded guilty to use of a child in

a sexual performance, he had previously been adjudicated a youthful offender upon a determination that he committed an act or acts defined as a felony, he was not an eligible youth, and his youthful offender adjudication was unlawful, as was his sentence. Accordingly, we reverse the judgment, vacate the youthful offender adjudication and the sentence imposed, and remit the matter to the County Court, Suffolk County, for further proceedings on the indictment, which shall, among other things, afford the defendant an opportunity to withdraw his plea of guilty.

There is no merit to the defendant's contentions regarding the viability of the People's appeal and this Court's jurisdiction to entertain it. Fisher, J.P., Santucci, Miller and Lott, JJ., concur.