■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHRISTOPHER D., Respondent. [921 NYS2d 315]—

Appeal by the People from a judgment of the County Court, Suffolk County (Kahn, J.), rendered January 7, 2010, adjudicating the defendant a youthful offender, upon his plea of guilty to use of a child in a sexual performance, and imposing sentence.

Ordered that the judgment is reversed, on the law, the youthful offender adjudication and the sentence imposed are vacated, and the case is remitted to the County Court, Suffolk County, for further proceedings consistent herewith.

The defendant was adjudicated a youthful offender in 2008 in Suffolk County after his conviction of a felony based on acts committed in May 2008. In 2009, he was charged by indictment with various crimes allegedly committed on April 1, 2008, before the commission of the acts that resulted in the 2008 youthful offender adjudication. He agreed to plead guilty to use of a child in a sexual performance (*see* Penal Law § 263.05), in full satisfaction of the indictment, in exchange for the specific sentence that was later imposed and adjudication as a youthful offender. The People agreed to the sentence, which would not have been a lawful sentence for use of a child in a sexual performance absent a youthful offender adjudication, and they agreed that they would consent to the dismissal of the remaining counts of the indictment at sentencing. The People did not object at the time of the plea to youthful offender treatment. Nevertheless, at sentencing, the People objected to youthful offender treatment, but not to the imposition of the agreed-upon sentence. The People argued that the defendant was not eligible for youthful offender treatment because he had previously been adjudicated a youthful offender. The County Court nevertheless found that the defendant was a youthful offender and sentenced him to the agreed-upon sentence. We reverse.

A "youth" otherwise eligible to be found a "youthful offender" is ineligible for that classification if he or she has previously been adjudicated a youthful offender following a determination

that he or she committed an act or acts defined as a felony (*see* CPL 720.10 [2] [c]). "This restriction, relating to the eligible youth determination, is applicable at the time of conviction" (*People v Cecil Z.*, 57 NY2d 899, 901 [1982]). Inasmuch as, at the time that the defendant pleaded guilty to use of a child in a sexual performance, he had previously been adjudicated a youthful offender upon a determination that he committed an act or acts defined as a felony, he was not an "eligible youth," and his youthful offender adjudication was unlawful, as was his sentence (*see People v Joseph R.*, 74 AD3d 1244, 1244-1245 [2010], *lv granted* 15 NY3d 921 [2010]). Accordingly, we reverse the judgment, vacate the youthful offender adjudication and the sentence imposed, and remit the matter to the County Court, Suffolk County, for further proceedings on the indictment, which shall, among other things, afford the defendant an opportunity to withdraw his plea of guilty.

There is no merit to the defendant's contentions regarding the viability of the People's appeal and this Court's jurisdiction to entertain it (*id.* at 1245). Dillon, J.P., Florio, Balkin and Eng, JJ., concur.