**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3975
_____

SHIRLANDO A. COOKE, AKA Shirlando Cooke, AKA Shirland A. Cooke,
AKA Loyd Collins, AKA Lloyd Collins, AKA Shirlando Coke,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A075-816-217)
Immigration Judge:  Honorable Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 13, 2014

Before: AMBRO, SHWARTZ and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 20, 2014)
_____

OPINION
_____

PER CURIAM

      Shirlando A. Cooke petitions for review of the Board of Immigration Appeals'

("BIA") final order of removal.  We will deny the petition.

I.

1

Cooke is a citizen of Jamaica and a lawful permanent resident of the United States. He has three New York state drug convictions that he concedes render him removable for having been convicted of a controlled substance violation. His only conviction at issue on review is a 2006 New York conviction of attempted third-degree robbery in violation of N.Y. Penal Law §§ 110.00 and 160.05. The Government charged him as removable on the basis of that conviction as well, asserting that it constitutes the aggravated felony of attempting to commit a theft offense. See 8 U.S.C. § 1101(a)(43)(G), (U). Cooke remains removable for his drug convictions, but conviction of an aggravated felony would render him ineligible for cancellation of removal, see 8 U.S.C. § 1229b(a)(3), which is the only form of relief he seeks on review.[1]

Cooke was represented by counsel before the IJ. He argued that his attempted robbery conviction does not qualify as a "conviction" for immigration purposes because it was actually a youthful-offender adjudication under N.Y. Crim. Proc. Law §§ 720.10-.35. The IJ granted Cooke multiple continuances to obtain evidence that he was so adjudicated, but he did not present any such evidence and the IJ ultimately concluded that Cooke was instead convicted as an adult. The IJ also concluded that the conviction was for an aggravated felony and that Cooke is thus ineligible for cancellation of removal.

Cooke appealed and raised his youthful-offender argument before the BIA, where he proceeded pro se after counsel withdrew his appearance at Cooke's request. Cooke

---

[1] Cooke also applied for asylum and other relief on the ground that he fears mistreatment in Jamaica. The Immigration Judge ("IJ") denied those claims for a number of reasons, but Cooke did not challenge those rulings before the BIA and has not challenged them on review. Thus, they are not before the Court and we will not address them further.

2

also filed a motion for reconsideration with the IJ in which he presented additional evidence, and the IJ transferred it to the BIA. The BIA dismissed Cooke's appeal and denied his motion after agreeing with the IJ that Cooke presented no evidence that his attempted robbery conviction was actually a youthful-offender adjudication. Cooke petitions for review pro se.

II.

The Government argues that we should dismiss this petition for review because, regardless of whether Cooke has been convicted of an aggravated felony, his conviction of controlled substance violations triggers the statutory provisions limiting our jurisdiction to constitutional claims and questions of law and that Cooke has raised none. See 8 U.S.C. § 1252(a)(2)(C), (D). With the possible exception noted below, however, we conclude that Cooke has raised reviewable claims and will address his arguments.

Cooke raises essentially two arguments on review, but they lack merit. First, Cooke argues that the BIA deprived him of due process because it "did not even bother to inquire about [his] status as a 'youthful offender,'" gave "no rational legal basis" for its decision, and failed to "develop the record." The BIA, however, squarely addressed and rejected Cooke's arguments in that regard. Cooke does not specify anything that he believes the BIA overlooked, and our review confirms that the BIA adequately explained its ruling.

Second, Cooke takes issue with the substance of the BIA's ruling. In particular, he argues that his attempted robbery conviction was really a youthful-offender adjudication, that it thus does not constitute a "conviction" as defined in 8 U.S.C. §

3

1101(a)(48)(A), and that the BIA's conclusion to the contrary conflicts with its decision in In re Devison-Charles, 22 I. & N. Dec. 1362 (BIA 2000). In Devison-Charles, the BIA held that a youthful offender adjudication under New York law does not constitute a conviction for immigration purposes. See id. at 1373. In that case, however, the alien "submitted certified court records to establish that he was adjudicated a youthful offender under Article 720 of the New York Criminal Procedure Law." Id. at 1363. Cooke, by contrast, submitted no such evidence here.[2]

The documents before the IJ included a state court "Certificate of Disposition—Superior Court Information" reflecting Cooke's guilty plea to attempted robbery and an order denying his motion for post-conviction relief. (A.R. 514-520, 524.) Neither document mentions a youthful-offender adjudication, and the latter expressly refers to a "conviction." If Cooke had been adjudicated a youthful offender for his attempted robbery offense, then his conviction would have been vacated and "[a] youthful offender finding . . . substituted for the conviction." Devison-Charles, 22 I. & N. Dec. at 1367 (citing N.Y. Crim. Proc. Law §§ 720.10(4) & 720.20(3)).

The only mention of a youthful-offender adjudication appears in a document that Cooke submitted with his motion for reconsideration, which concerns a previous 2006 adjudication for assault that was not charged as a ground for removability or otherwise

---

[2] Although reviewing the Agency's finding that Cooke was not adjudicated a youthful offender arguably entails a factual rather than a legal inquiry, we will conduct it both to further explain why the BIA did not deprive Cooke of due process and to reach the legal question of whether its ruling conflicts with Devison-Charles. See also Jordon v. Att'y Gen., 424 F.3d 320, 325 n.8 (3d Cir. 2005) (noting that courts may bypass issues of statutory, as opposed to Article III, jurisdiction).

4

put at issue in this case.  That document is captioned "Certificate of Disposition—

Youthful Offender Adjudication," and it specifies that "defendant was adjudicated to be a

youthful offender" for the assault offense and that "a youthful offender adjudication is

not a judgment of conviction for a crime or any other offense[.]"  (A.R. 20) (emphasis

added).  The "Certificate of Disposition—Superior Court Information" for Cooke's

attempted robbery offense, by contrast, contains nothing of the sort and suggests nothing

other than that Cooke was convicted as an adult for that offense.

Thus, the BIA's conclusion that Cooke's attempted robbery offense resulted in a

conviction rather than a youthful-offender adjudication is amply supported by the record.[3]

Consequently, the BIA's decision in this case did not conflict with its decision in

Devison-Charles.  Cooke does not otherwise contest that an attempted robbery conviction

under N.Y. Penal Law §§ 110.00 and 160.05 constitutes an attempted "theft offense"

aggravated felony under 8 U.S.C. § 1101(a)(43)(G), and we see no immediately apparent

---

[3] Indeed, we question whether Cooke was even eligible for youthful-offender status on his attempted robbery offense in light of his previous adjudication as a youthful offender for his assault offense under N.Y. Penal Law § 120.05, which is a felony.  See N.Y. Crim. Proc. Law § 720.10(2)(c) (rendering ineligible for youthful-offender status a youth who "has previously been adjudicated a youthful offender following conviction of a felony").  Cooke, relying on People v. Zepada, 87 A.D.2d 747 (N.Y. App. Div. 1982), argued before the BIA that his attempted robbery conviction was a youthful-offender adjudication because the trial court made his sentence for that conviction concurrent with the sentence for his previous youthful-offender adjudication for assault.  Cooke has not raised that argument on review, but even if he had we would reject it. Zepada holds that, notwithstanding N.Y. Crim. Law § 720.10(2)(C), New York trial courts have the discretion to award youthful-offender status for two separate felony offenses if the defendant is convicted of those offenses on the same day.  See Zepada, 87 A.D.2d at 748.  In this case, Cooke was adjudicated a youthful offender for his assault offense on April 12, 2006, but was not convicted of his attempted robbery offense until June 22, 2006.  (A.R. 20, 524.)  In any event, even if the trial court had the discretion to adjudicate Cooke a youthful offender for his attempted robbery offense, the record of conviction shows that the court did not do so.

5

basis to question the Second Circuit's holding that it categorically does. <u>See</u> <u>United</u>

<u>States v. Fernandez-Antonia</u>, 278 F.3d 150, 161-62 (2d Cir. 2002).

   For these reasons, we will deny Cooke's petition for review. The Government's

motion to dismiss the petition for lack of jurisdiction is denied as well.