■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUESE HENNING, Appellant. [984 NYS2d 365]—

Judgments, Supreme Court, New York County (Michael J. Obus, J.), rendered September 27, 2012, convicting defendant, upon his pleas of guilty, of attempted robbery in the second degree (two counts) and grand larceny in the fourth degree, and sentencing him to an aggregate term of three years, unanimously affirmed.

Initially, we find that the record does not establish a valid waiver of defendant's right to appeal. However, we reject his claims on the merits.

Contrary to defendant's contention, the record reveals that

the court considered but rejected youthful offender treatment (*compare People v Rudolph*, 21 NY3d 497 [2013]). At a calendar appearance to discuss a possible disposition of the charges, the court determined that defendant was ineligible as a matter of law. That determination was correct, because defendant had already been adjudicated a youthful offender in a felony case, and was thus an ineligible youth (*see* CPL 720.10 [2] [c]; *People v Cecil Z.*, 57 NY2d 899 [1982]). To the extent defendant is arguing that a sequentiality requirement similar to that contained in the predicate felony offender statutes (*see e.g.* Penal Law § 70.06 [1] [b] [ii]) should apply, that argument is contrary to the plain language of CPL 720.10 (2) (c).

We perceive no basis for reducing the sentence. Concur— Gonzalez, P.J., Sweeny, Moskowitz, Richter and Clark, JJ.