People v Brooks (2018 NY Slip Op 02482)





People v Brooks


2018 NY Slip Op 02482


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2014-02086
2015-04886
 (Ind. No. 1814/12)

[*1]The People of the State of New York, respondent,
v Tyre Brooks, appellant.


Paul Skip Laisure, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jodi L. Mandel of counsel; Robert Ho on the brief), for respondent.



DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Elizabeth A. Foley, J.), rendered February 25, 2014, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence, and (2) a resentence of the same court imposed April 1, 2015, which vacated the defendant's adjudication as a second violent felony offender and adjudicated him a first violent felony offender.
ORDERED that the judgment and the resentence are affirmed.
The defendant was born in June 1994. On September 20, 2010, the defendant was convicted of the felony of attempted robbery in the second degree, upon his plea of guilty, and sentence was imposed (see People v Brooks, 120 AD3d 1255). After the defendant was released from prison for that felony conviction, but while his appeal from that felony conviction was still pending, he was charged with committing a series of robberies with a knife in late 2011, and he pleaded guilty to one count of attempted robbery in the first degree in satisfaction of those charges. He waived his right to appeal, and on February 25, 2014, he received the promised sentence and was adjudicated a second violent felony offender.
On appeal from his prior felony conviction, in a decision and order of this Court dated September 10, 2014, the matter was remitted to the Supreme Court, Kings County, to determine whether the defendant should be afforded youthful offender treatment (see id.). Upon remittitur, the defendant's prior felony conviction was vacated and he was afforded youthful offender treatment. Therefore, on April 1, 2015, the court resentenced the defendant on his conviction of attempted robbery in the first degree by adjudicating him a first violent felony offender. The defendant appeals from the judgment rendered February 25, 2014, and the resentence imposed April 1, 2015.
The defendant's waiver of his right to appeal was valid (see People v Johnson, 153 AD3d 933; People v Lovick, 127 AD3d 1108). However, whether the Supreme Court was required to consider youthful offender treatment is an issue which survives a valid waiver of the right to appeal (see People v Pacherille, 25 NY3d 1021, 1023-1024).
CPL 720.10(2), which defines an eligible youth, states, in pertinent part, that every person 16 years of age or older and less than 19 years old when the crime was committed is an eligible youth, unless (1) the defendant was previously convicted and sentenced for a felony, or (2) [*2]was "previously . . . adjudicated a youthful offender following conviction of a felony." At the time the defendant pleaded guilty to the instant offense, he had been previously convicted and sentenced for the felony of attempted robbery in the second degree and, therefore, was not eligible for youthful offender treatment. Thereafter, the prior felony conviction was vacated, and he was adjudicated a youthful offender for the prior crime.
The youthful offender adjudication was subsequent to his plea of guilty for the instant offense. Since the disqualifying circumstance of a youthful offender adjudication following conviction of a felony occurred after he pleaded guilty to the instant offense, the defendant claims that he is eligible for youthful offender treatment with respect to the instant offense, and the resentencing court was required to consider youthful offender treatment for the instant offense.
When determining whether a defendant is an eligible youth, the defendant's status at the time of the conviction—in this case at the time of his plea of guilty—is controlling (see People v Henning, 116 AD3d 634; People v Christopher D., 83 AD3d 1091). If the defendant has not been sentenced for a prior felony at the time he or she pleads guilty to the new offense, the defendant is still an eligible youth (see People v Ramirez, 115 AD3d 992; People v Mosley, 88 AD2d 520).
Here, the defendant had served his sentence on his prior felony conviction at the time he pleaded guilty to the instant offense. The fact that the prior felony conviction was thereafter changed to a youthful offender adjudication made no substantive difference, since both the felony conviction and the youthful offender adjudication were disqualifying. Accordingly, the defendant was not an eligible youth and was not eligible for youthful offender treatment.
The defendant's valid waiver of his right to appeal precludes review of his claim that the sentence was excessive (see People v Hidalgo, 91 NY2d 733).
SCHEINKMAN, P.J., BALKIN, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court